549 (5th Cir.1987), *aff'd,* 503 U.S. 131, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992).

Accordingly, the district court's judgment is AFFIRMED.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose Marlon RODRIGUEZ–APARIZIO,
Defendant–Appellant.

No. 05–40602.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 14, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Philip G. Gallagher, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

**775**

PER CURIAM: *

Jose Marlon Rodriguez–Aparizio pleaded guilty to illegal reentry after deportation and was sentenced to 50 months of imprisonment, to be followed by three years of supervised release.

Rodriguez argues for the first time on appeal that the district court erred in ordering him to cooperate in the collection of a DNA sample as a condition of supervised release. This claim is dismissed for lack of jurisdiction because it is not ripe for review. *See United States v. Riascos–Cuenu,* 428 F.3d 1100 (5th Cir.2005).

Rodriguez also challenges the constitutionality of 8 U.S.C. § 1326(b). His constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Rodriguez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* — U.S. —, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Rodriguez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART FOR LACK OF JURISDICTION.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.