United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 30, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40270
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN MANUEL VEGA-MONTESINOS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-805-ALL
--------------------

Before SMITH, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Juan Manuel Vega-Montesinos (Vega) appeals the sentence imposed following his plea of guilty to one count of unlawful reentry having been deported previously following an aggravated felony conviction. Vega challenges the constitutionality of the felony and aggravated felony provisions of 8 U.S.C. § 1326(b), and the district court's order that he cooperate with the probation officer in the collection of DNA as a condition of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although, in a written plea agreement, Vega waived the right to appeal his sentence except for upward departures and a sentence exceeding the statutory maximum, the waiver does not bar his appeal. To the extent that Vega's challenge to the constitutionality of § 1326(b) is construed as a challenge to his conviction, it is not precluded by the terms of the appeal waiver. As to his DNA claims, Vega's waiver was rendered not knowing and voluntary when the magistrate judge advised him at his rearraignment hearing that he could appeal an illegal sentence. See, e.g., United States v. Robinson, 187 F.3d 516, 517-18 (5th Cir. 1999) (discussing requirements for validity of an appeal waiver).

Vega's constitutional challenge to § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Vega contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Vega properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

With respect to Vega's contention that the district court erred in ordering, as a condition of supervised release, that he

cooperate with the probation officer in the collection of DNA, his claim is not ripe for judicial review in light of our holding in <u>United States v. Carmichael</u>, 343 F.3d 756, 758 (5th Cir. 2003), <u>cert. denied</u>, 540 U.S. 1136 (2004).  We reject Vega's contention that <u>Carmichael</u> is distinguishable.  <u>See</u> <u>United States v. Riascos-Cuenu</u>, 428 F.3d 1100, 1102 (5th Cir. 2005).  Accordingly, we dismiss this portion of the appeal for lack of jurisdiction.

AFFIRMED IN PART; DISMISSED IN PART FOR LACK OF JURISDICTION.