**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**February 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20073
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERASMO MARTINEZ ENRIQUEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-39-ALL

Before JONES, Chief Judge, and DeMOSS and PRADO, Circuit Judges.

PER CURIAM:[*]

Erasmo Martinez Enriquez appeals his conviction and
sentence for possession of a firearm by a convicted felon,
challenging the guidelines calculation, the sufficiency of the
district court's articulation of its sentencing decision, and the
requirement that he submit to DNA testing.

Enriquez first argues that the district court misapplied
the Sentencing Guidelines in failing to apply the reduction for
sporting use under U.S.S.G. § 2K2.1(b)(2). He argues that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

undisputed evidence before the district court was that the rifles were purchased by Enriquez's sons' mother for hunting and that Enriquez used the rifles to hunt snakes and other pests on his property that he shared with his sons.  He argues that, therefore, the evidence showed that the rifles were used to shoot varmints and that varmint hunting is a lawful sporting use.

The district court was able to rely upon the presentence report's statements that Enriquez had initially denied owning any rifles as evidence that Enriquez's assertions that the rifles were used for "varmint hunting" were not credible.  See United States v. Brown, 54 F.3d 234, 242 (5th Cir. 1995).  The district court did not clearly err in finding that the reduction for "sporting use" was not warranted.  See United States v. Shell, 972 F.2d 548, 550 (5th Cir. 1992).

Enriquez also argues that the district court did not consider and tailor its sentence in light of the sentencing factors in 18 U.S.C. § 3553(a) as required by United States v. Booker, 125 S. Ct. 738 (2005).  However, because the court issued a sentence within the Guidelines, the district court was not required to consider explicitly those factors on the record, and Enriquez's argument fails.  See United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

For the first time on appeal, Enriquez argues that the district court abused its discretion in subjecting him to the collection of DNA as a term of his supervised release under 42

2

U.S.C. § 14135A(d).  He argues that the version of 42 U.S.C. § 14135a(d) that was in effect at the time of the offense does not list his offense of conviction as one of the offenses for which DNA collection was authorized.  He argues that the amendment of that statute on October 30, 2004, to authorize DNA collection upon conviction of "any felony" cannot be applied to him because collection of DNA is a punishment and would violate the Ex Post Facto Clause.  He further argues that even if application of the statute is not a violation of the Ex Post Facto Clause it is still forbidden by general principles of nonretroactivity.

Enriquez's claim regarding collection of DNA on supervised release is not ripe for review.  See United States v. Riascos-Cuenu, 428 F.3d 1100, 1002 (5th Cir. 2005).  Enriquez's claim is DISMISSED for lack of jurisdiction.

Finally, Enriquez argues that 18 U.S.C. § 922(g) is facially unconstitutional because it does not require a substantial effect on interstate commerce and, alternatively, there is an insufficient factual basis for the application of that statute based on the firearm's movement from one state to another at some indeterminate time in the past.  As he concedes, the "constitutionality of § 922(g) is not open to question" in this circuit.  See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001).

The judgment and sentence of the district court are **DISMISSED IN PART; AFFIRMED IN PART.**

3