**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ramon RODRIGUEZ–RUIZ, also known as Jose Ramon Rodriguez–Ruiz, Defendant–Appellant.**

No. 05–40698.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Feb. 23, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, HOUSTON, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of

Texas, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Ramon Rodriguez–Ruiz (Rodriguez) appeals his conviction and sentence following his plea of guilty to illegal reentry after deportation. Rodriguez was sentenced to 46 months of imprisonment and three years of supervised release. Rodriguez asserts that the district court erred in ordering, as a condition of supervised release, that he cooperate with the probation officer in the collection of DNA. His claim is not ripe for judicial review in light of our holding in *United States v. Riascos–Cuenu*, 428 F.3d 1100, 1101–02 (5th Cir. 2005), *petition for cert. filed* (Jan. 9, 2006) (No. 05–8662). Accordingly, we dismiss this portion of the appeal for lack of jurisdiction.

Rodriguez also asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. Rodriguez's constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Rodriguez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* re-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Rodriguez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.

