UNITED STATES of America, Plaintiff–Appellee,

v.

Victor MONTES–FLORES, also known as Simon Blanco–Carriyo, Defendant–Appellant.

No. 05–40792.

Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Feb. 23, 2006.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

228

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Sarah Beth Landau, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Victor Montes–Flores (Montes) appeals his guilty-plea conviction and sentence for being illegally present in the United States following removal subsequent to a conviction for an aggravated felony. Montes argues that the district court erred by requiring him to cooperate in the collection of a DNA sample from him as a condition of his supervised release. In *United States v. Riascos–Cuenu*, 428 F.3d 1100, 1101–02 (5th Cir.2005), *petition for cert. filed* (Jan. 9, 2006) (No. 05–8662), this court considered an indistinguishable challenge and held that it was not ripe for review because the possibility that the defendant's DNA sample would be collected by the Bureau of Prisons rendered the possibility that his DNA sample would be collected while on supervised release conjecture. Accordingly, this portion of Montes's appeal is dismissed.

Montes's constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Montes contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Montes properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

raises it here to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.