UNITED STATES of America, Plaintiff–Appellee,

v.

Amador ZAMBRANO–DUENEZ, Defendant–Appellant.

No. 05–40292.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Feb. 23, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern Dis-

---

trict of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Amador Zambrano–Duenez (Zambrano) appeals his sentence under 8 U.S.C. § 1326 for illegal reentry into the United States after having been deported. Zambrano asserts that the district court erred in ordering him to cooperate in the collection of a DNA sample as a condition of supervised release and that this condition should therefore be vacated. He contends that the collection of his DNA violates the Ex Post Facto Clause.

In *United States v. Riascos–Cuenu,* 428 F.3d 1100, 1102 (5th Cir.2005) *petition for cert. filed* (Jan. 9, 2006) (No. 05–8662), which was decided after Zambrano filed his brief, this court declined to address such an argument on the ground that the claim was not ripe for review. In accordance with *Riascos–Cuenu,* this court lacks jurisdiction over this argument.

Zambrano also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. This challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Zambrano contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Zambrano properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.