**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Carlos Alberto AGUILAR–CRISTALES,**
**Defendant–Appellant.**

**No. 05–40854.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 23, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Carlos Alberto Aguilar–Cristales (Aguilar) pleaded guilty to being found illegally in the United States after deportation. Aguilar was sentenced to a 57–month term of imprisonment and to a two-year period of supervised release. Aguilar has appealed his conviction and sentence.

---

█ Aguilar contends that the imposition of a requirement that Aguilar cooperate in the collection of a DNA sample violates his rights under the Fourth Amendment. Because this issue is not ripe for review, this court does not have jurisdiction and this portion of the appeal must be dismissed. *See United States v. Riascos–Cuenu,* 428 F.3d 1100, 1101–02 (5th Cir.2005), *petition for cert. filed* (Jan. 9, 2006) (No. 05–8662).

█ Aguilar challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be proved beyond a reasonable doubt in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Aguilar contends that *Almendarez–Torres* has been "impliedly overruled" by subsequent Supreme Court decisions, including *Apprendi,* "[t]his court has repeatedly rejected arguments like the one made by [Aguilar] and has held that *Almendarez–Torres* remains binding despite *Apprendi.*" *United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* — U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Aguilar concedes that the issue is foreclosed. He has raised the issue to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.

█

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under