United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 05-20037
_____

UNITED STATES OF AMERICA,

                                   Plaintiff - Appellee,

                    versus

HOVEL RIASCOS-CUENU,

                                   Defendant - Appellant.

_____

          Appeal from the United States District Court
              for the Southern District of Texas
_____

Before JOLLY and BARKSDALE, Circuit Judges, and LITTLE, District
Judge.[1]

PER CURIAM:

    Hovel Riascos-Cuenu appeals parts of the sentence the district

court imposed after his plea of guilty to the crime of illegal re-

entry.  Riascos-Cuenu raises one primary issue.[2]  He argues that

_____

    [1] District Judge of the Western District of Louisiana, sitting
by designation.

    [2] Riascos-Cuenu raises two additional issues, each for the
first time on appeal.  He argues that his Texas state felony
conviction for simple possession of cocaine cannot be characterized
as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2.  This
issue is foreclosed by our precedent.  See United States v.
Caicedo-Cuero, 312 F.3d 697, 706-11 (5th Cir. 2002); United States
v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997).

    He also raises an Apprendi issue, which he concedes is
foreclosed by Almendarez-Torres v. United States, 523 U.S. 224
(1998).  Riascos-Cuenu simply seeks to preserve the issue for
review by the United States Supreme Court.

the district court erred in imposing a condition of supervised release requiring him to cooperate in the probation officer's collection of a DNA sample. Because we find that Riascos-Cuenu's contention is controlled by our precedent, which holds that the issue is not ripe for our review, United States v. Carmichael, 343 F.3d 756 (5th Cir. 2003), we dismiss this claim for lack of jurisdiction.

I

Riascos-Cuenu committed the offense of illegal reentry after deportation on or about June 10, 2004. On October 5, 2004, he entered a plea of guilty for this offense. On January 4, 2005, the district court sentenced Riascos-Cuenu to thirty-four months of imprisonment, three years of supervised release, and a $100 special assessment that the district court ordered remitted on the Government's motion. As one of the conditions of Riascos-Cuenu's supervised release, the district court ordered that Riascos-Cuenu "shall cooperate in the collection of DNA as directed by the probation officer." He appeals the imposition of this condition.

II

Riascos-Cuenu raises this error for the first time on appeal. Because this claim is not ripe for review under United States v. Carmichael, we dismiss it for lack of jurisdiction.

In Carmichael, two defendants challenged the requirement that their DNA be collected, both while in custody and as a condition of supervised release. Although the requirement was imposed under the

2

authority of the DNA Analysis Backlog Elimination Act of 2000 ("the DNA Act"), they argued that the requirement was unconstitutional.[3] On appeal to this Court, we interpreted the DNA Act as giving the Bureau of Prisons ("BOP") the power to take samples, as well as the authority to determine who is eligible for DNA sampling. Carmichael, 343 F.3d at 760. We went on to hold that "the DNA Act's provision for the BOP's collection of federal offenders' DNA during incarceration is not part of appellants' sentence, but is rather a prison condition that must be challenged through a separate civil action after exhaustion of administrative remedies." Id. at 761.

As to the condition of supervised release, this Court noted that "[t]he Administrative Office of the United States Courts has instructed probation officers that they should not require an offender on probation or supervised release to submit a sample if the BOP obtained one during the offender's incarceration." Id. at 758. The Court went on to note that the offenders would be required to cooperate in DNA sampling on supervised release only if the BOP failed to execute its statutorily-imposed duty to collect a DNA sample while the offenders were in custody. Id. at 761. The Court held therefore that it was "a matter of conjecture whether either [offender] [would] be forced to submit to DNA sampling during supervised release." Id. at 762. Thus, the Court dismissed

---

[3] See 42 U.S.C. § 14135a (2005); 18 U.S.C. § 3583(d) (Supp. 2005).

3

that portion of the appeal for lack of jurisdiction, holding that the claim was not ripe for review.  Id. at 761-62.

Riascos-Cuenu argues that his case is distinguishable from Carmichael.  He contends that the DNA Act does not apply to him, as he pled guilty before (although he was sentenced after) the 2004 amendment to the DNA Act made his offense a qualifying offense.[4] He argues that because of this timing factor, he is not subject to DNA collection in prison; and because the BOP has no authority to take his DNA sample, the order making his cooperation to submit to DNA collection a condition of his supervised release is ripe for our review.  Thus, effectively he is challenging the authority of both the BOP and the probation officer to take his DNA sample.

We fail to see how this case differs in any material or significant way from Carmichael.  As we determined in Carmichael, the BOP has the authority to determine who is eligible for DNA sampling.  The BOP may well determine that Riascos-Cuenu is eligible, notwithstanding his argument to the contrary.  If the BOP attempts to collect Riascos-Cuenu's DNA while he is in custody, and he believes such collection is not authorized by the statute, the attempted collection is a prison condition, which he may challenge in a separate civil action after exhaustion of administrative remedies.  Because it is speculative at this juncture whether the

---

[4] 42 U.S.C. § 14135a (2005) (amended by Pub. L. No. 108-405, § 203(b)).  Riascos-Cuenu's offense was not a qualifying offense under the DNA Act prior to this amendment.

BOP will collect Riascos-Cuenu's DNA sample while he is in custody, it remains conjecture whether his DNA sample will be taken while he is on supervised release.  Only if the BOP fails to take his DNA sample will Riascos-Cuenu be required to submit to DNA sampling during supervised release.  Thus, as in Carmichael, this matter of conjecture renders his claim not ripe for review by the courts. Therefore, we DISMISS this claim for lack of jurisdiction, and we AFFIRM the sentence imposed by the district court.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.