United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40428
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID CHARLES BARBER,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-797-ALL

Before GARWOOD, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

David Charles Barber appeals the sentence imposed following his November 22, 2004 plea of guilty to one count of possession of marihuana with intent to distribute on or about September 30, 2004. Although Barber waived the right to appeal his sentence except for upward departures and a sentence exceeding the statutory maximum, the waiver does not bar his appeal. The district court incorrectly

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

informed him that he could appeal an illegal sentence. Barber's challenge to the purportedly unlawful supervised release condition[1] is arguably a challenge to an allegedly illegal sentence. The Government concedes as much and declines to rely on the waiver. Moreover, the district court's incorrect characterization of the waiver and failure to address the specific provisions of the waiver and ensure that Barber understood them may have rendered the waiver not knowing and voluntary. *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994). For all these reasons, we conclude that the waiver does not preclude Barber's appeal.

With respect to Barber's contention that the district court erred in ordering, as a condition of supervised release, that he cooperate with the probation officer in the collection of DNA, his claim is not ripe for judicial review in light of our holding in *United States v. Carmichael*, 343 F.3d 756, 758 (5th Cir. 2003), *cert. denied*, 540 U.S. 1136 (2004). We reject Barber's contention that *Carmichael* is distinguishable. *See United States v. Riascos-Cuenu*, ___ F.3d ___ No. 05-20037, 2005 WL 2660032, at *2 (5th Cir. Oct. 18, 2005). Accordingly, we dismiss this portion of the appeal for lack of jurisdiction.

Barber's second argument, concerning the treatment of drug quantity graduations as sentencing factors rather than as elements

---

[1] Barber was sentenced to 60 months' imprisonment to be followed by a 5 year term of supervised released.

of separate offenses under 21 U.S.C. §§ 841(a) and (b), is foreclosed by circuit precedent. *See United States v. Slaughter*, 238 F.3d 580, 582 (5th Cir. 2000). Barber concedes as much and raises the issue solely to preserve it for further review. Thus, we affirm the judgment of the district court on this point.

AFFIRMED IN PART; DISMISSED IN PART FOR LACK OF JURISDICTION.