United States Court of Appeals
Fifth Circuit

**F I L E D**

January 4, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40335
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GILBERTO SIERRA-GARCIA,

Defendant-Appellant.

_____

On Appeal from the United States District Court
For the Southern District of Texas
_____

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[1]

Gilberto Sierra-Garcia appeals his sentences following two guilty pleas and convictions for illegal reentry after deportation in violation of 8 U.S.C. § 1326 and fraudulently securing social security payments in violation of 42 U.S.C. § 408(a)(4). In a motion to dismiss, the Government argues that Sierra-Garcia's appeal is precluded by an appellate waiver provision in his plea agreement, and alternatively

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

that the arguments are meritless and we should summarily affirm the sentences.

Sierra-Garcia was charged with the crimes in two separate indictments. He was first charged with and pleaded guilty to the illegal reentry in case number B-04-281. His guilty plea was not pursuant to any plea agreement. Sierra-Garcia was then later charged with social security fraud in case number B-04-390-S1. His guilty plea in that case was pursuant to a plea agreement containing an appellate waiver provision. The cases were then consolidated for sentencing. The district court sentenced Sierra-Garcia to sentences of 30 months in prison on both cases to run concurrently, followed by a three-year supervised release term on both cases to run concurrently. One condition of Sierra-Garcia's supervised release is that he cooperate with the collection of a DNA sample pursuant to 18 U.S.C. 3583(d).

For the first time on appeal, Sierra-Garcia raises two challenges to his sentences. With respect to his illegal reentry sentence, he argues that the sentencing enhancement provisions of 8 U.S.C. § 1326(b) are unconstitutional. Because Sierra-Garcia's guilty plea on the illegal reentry charge was entered without a plea agreement, there is no applicable appellate waiver provision. Although the

2

Government argues that consolidation of the two cases should expand the scope of the appellate waiver to cover both convictions and sentences, the plea agreement plainly applies only to case number B-04-390-S1, the social security fraud case. As Sierra-Garcia concedes in his brief, however, his first argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998).

With respect to both sentences, Sierra-Garcia argues that the supervised release condition that he cooperate in collection of a DNA sample violates the Ex Post Facto Clause or general principles against retroactivity because his offense and guilty plea preceded the amended DNA Act, which authorized the condition. The Government argues that this argument is subject to the appellate waiver at least for purposes of Sierra-Garcia's sentence for social security fraud. Sierra-Garcia argues that the condition is functionally equivalent to a sentence which exceeds the statutory maximum, an argument that is not waived by the plea agreement.

Whether Sierra-Garcia has waived this argument or not, however, this court is without jurisdiction to entertain his argument. This court recently rejected an identical challenge, finding that imposition of DNA sample collection

was "not a part of appellants' sentence, but is rather a prison condition that must be challenged through a separate civil action after exhaustion of administrative remedies." See United States v. Riascos-Cuenu, --- F.3d ---, 2005 WL 2660032, *1-2 (5th Cir. Oct. 19, 2005) (quoting United States v. Carmichael, 343 F.3d 756, 761 (5th Cir. 2003), cert. denied, 540 U.S. 1136 (2004)). We therefore DISMISS the appeal of the order requiring Defendant's cooperation in the collection of a DNA sample for lack of jurisdiction, and we AFFIRM the remainder of the sentence imposed by the district court.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.