United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 5, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40403
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERNANDO QUEVEDO-ALVAREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-855-ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Fernando Quevedo-Alvarez (Quevedo) pleaded guilty to illegal reentry after deportation and was sentenced to 33 months of imprisonment, three years of supervised release, and a $100 special assessment that was ordered remitted on motion of the Government.

Quevedo argues for the first time on appeal that the district court erred in ordering him to cooperate in the collection of a DNA sample as a condition of supervised release and that this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

condition should therefore be vacated.  He contends that his offense is not one of the offenses qualifying an offender for DNA collection under the DNA Analysis Backlog Elimination Act of 2000 (Act).  He further contends that a 2004 amendment to the Act broadening the qualifying offenses to "any felony" does not apply to him because he committed the offense before the amendment was enacted, and, therefore, application of the amendment either would violate the Ex Post Facto Clause or would improperly cause the amendment to operate retroactively.

Quevedo contends that a waiver-of appeal provision included in his plea agreement does not bar this claim.  Because the district court erroneously advised Quevedo that he retained the right to appeal "an illegal sentence," without defining what constituted "an illegal sentence," the waiver was not made knowingly and voluntarily, and thus it does not bar this claim. See United States v. Robinson, 187 F.3d 516, 517 (5th Cir. 1999). However, this claim is DISMISSED for lack of jurisdiction because it is not ripe for review.  See United States v. Riascos-Cuenu, No. 05-20037, ___ F.3d ___, 2005 WL 2660032 at *2 (5th Cir. Oct. 18, 2005).

Quevedo's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Quevedo contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S.

466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Quevedo properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART FOR LACK OF JURISDICTION.