**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jorge MARTINEZ–GASCA,**
**Defendant–Appellant.**

**No. 05–40479.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 23, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Jorge Martinez–Gasca pleaded guilty to illegal reentry after deportation and was sentenced to 45 months of imprisonment and three years of supervised release. Martinez–Gasca argues that the district court erred in ordering him to cooperate in the collection of a DNA sample as a condition of supervised release and that this condition should therefore be vacated. This claim is dismissed for lack of jurisdiction because it is not ripe for review. *See United States v. Riascos–Cuenu,* 428 F.3d 1100, 1101–02 (5th Cir.2005), *petition for cert. filed* (Jan. 9, 2006) (No. 05–8662).

Martinez–Gasca's constitutional challenge to the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Martinez–Gasca contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Martinez–Gasca properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

---

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.