Pete Dill, U.S. Penitentiary Pollock, Pollock, LA, for pro se.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Pete Dill, federal prisoner # 50934–066, appeals from the dismissal of his 28 U.S.C. § 2241 petition challenging his conviction and sentence for bank robbery for lack of jurisdiction. Dill argues that the 28 U.S.C. § 2255 remedy is inadequate to raise his jurisdictional challenge.

Dill's jurisdictional argument, however, challenges his conviction and is therefore the type of claim reserved for § 2255 proceedings. *See Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir.2000). Dill has not shown that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. *See Reyes–Requena v. United States,* 243 F.3d 893, 901 (5th Cir. 2001). He therefore cannot proceed under

§ 2241, and the district court, which was not Dill's sentencing court, did not err in dismissing his petition for lack of jurisdiction. *See Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir.2000).

AFFIRMED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Rosario FELIX–TERRAZAS, Defendant–Appellant.**

No. 05–40137.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 23, 2006.

---

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

■ Rosario Felix–Terrazas (Felix) appeals his conviction and sentence for illegal reentry. He raises a constitutional challenge to 8 U.S.C. § 1326(b)(1) and (2) and also argues that the district court plainly erred in requiring him to submit to DNA testing as a condition of his supervised release. Felix's appeal waiver is unenforceable because the magistrate judge advised him at his rearraignment hearing that he could appeal an illegal sentence. *See, e.g., United States v. Robinson,* 187 F.3d 516, 517–18 (5th Cir.1999). We need not decide the applicability of the sentencing waiver in the plea agreement because the appellate issues are foreclosed.

Felix's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Felix contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Felix properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

■ Felix's supervised release claim is not ripe for review and is therefore dismissed for lack of jurisdiction. *See United States v. Riascos–Cuenu,* 428 F.3d 1100, 1101 (5th Cir.2005), *petition for cert. filed* (Jan. 9, 2006) (No. 05–8662).

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.