**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 23, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40416
Conference Calendar

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

ARMANDO RAMIREZ-TRUJILLO,

                                    Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1906-ALL
---------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Armando Ramirez-Trujillo (Ramirez) pleaded guilty
to illegal reentry after deportation and was sentenced to 71
months of imprisonment, three years of supervised release, and a
$100 special assessment.

     Ramirez argues for the first time on appeal that the
district court erred in ordering him to cooperate in the
collection of a DNA sample as a condition of supervised release.
This claim is dismissed for lack of jurisdiction because it is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not ripe for review.  See United States v. Riascos-Cuenu, 428 F.3d 1100, 1101-02 (5th Cir. 2005), petition for cert. filed (Jan. 9, 2006) (No. 05-8662).

Ramirez's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Ramirez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Ramirez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART FOR LACK OF JURISDICTION.