United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

―――――――――――

No. 05-40535
Conference Calendar

―――――――――――

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN JOSE KINTANA-CAMACHO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1644-ALL
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Juan Jose Kintana-Camacho (Kintana) pleaded guilty to illegal reentry after deportation and was sentenced to 77 months of imprisonment and a three-year term of supervised release.

Kintana argues for the first time on appeal that the district court erred in ordering him to cooperate in the collection of a DNA sample as a condition of supervised release and that this condition should therefore be vacated. This claim is DISMISSED for lack of jurisdiction because it is not ripe for review. See <u>United States v. Riascos-Cuenu</u>, 428 F.3d 1100, 1102

―――――――――――

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 2005), <u>petition for cert. filed</u> (Jan. 9, 2006) (No. 05-8662).  Kintana concedes that <u>Riascos-Cuenu</u> forecloses his argument, but he raises it to preserve it for further review.

Kintana also challenges the constitutionality of 8 U.S.C. § 1326(b).  His constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998).  Although Kintana contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Kintana properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.