United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40805
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAUL HERNANDEZ-AGUIRRE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-934-ALL
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Saul Hernandez-Aguirre appeals his sentence for being an alien unlawfully found in the United States following deportation after having been convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b).  On appeal, he challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  Hernandez-Aguirre's constitutional challenge is foreclosed by <u>Almendarez-Torres v.</u>

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>United States</u>, 523 U.S. 224, 235 (1998). Although Hernandez-Aguirre contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Hernandez-Aguirre properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

Hernandez-Aguirre next raises a Fourth Amendment challenge to the collection of a DNA sample as a condition of his supervised release. As he concedes, such a claim is not ripe for review, and we lack jurisdiction to consider it. <u>United States v. Riascos-Cuenu</u>, 428 F.3d 1100, 1101-02 (5th Cir. 2005), <u>petition for cert. filed</u> (Jan 9, 2006) (No. 05-8662). Accordingly, that portion of the appeal must be dismissed.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.