United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40854
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ALBERTO AGUILAR-CRISTALES,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:05-CR-25-ALL
---------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Carlos Alberto Aguilar-Cristales (Aguilar) pleaded guilty to being found illegally in the United States after deportation. Aguilar was sentenced to a 57-month term of imprisonment and to a two-year period of supervised release. Aguilar has appealed his conviction and sentence.

Aguilar contends that the imposition of a requirement that Aguilar cooperate in the collection of a DNA sample violates his rights under the Fourth Amendment. Because this issue is not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ripe for review, this court does not have jurisdiction and this portion of the appeal must be dismissed.  See United States v. Riascos-Cuenu, 428 F.3d 1100, 1101-02 (5th Cir. 2005), petition for cert. filed (Jan. 9, 2006) (No. 05-8662).

Aguilar challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be proved beyond a reasonable doubt in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Aguilar contends that Almendarez-Torres has been "impliedly overruled" by subsequent Supreme Court decisions, including Apprendi, "[t]his court has repeatedly rejected arguments like the one made by [Aguilar] and has held that Almendarez-Torres remains binding despite Apprendi."  United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Aguilar concedes that the issue is foreclosed.  He has raised the issue to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.