United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40861
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE DELORES MOLINA-MARTINEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-95-1
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Jose Delores Molina-Martinez appeals his guilty-plea conviction and sentence for illegal re-entry after a previous deportation. We need not decide the applicability of the waiver provisions in this case because the issues that Molina-Martinez's raises are foreclosed.

Molina-Martinez argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2000).  Although he contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Molina-Martinez properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

Molina-Martinez also argues that the prospective collection of his DNA, which is a condition of his supervised release, would violate his Fourth Amendment right to be free from unreasonable searches and seizures.  He properly concedes this claim is not ripe for review.  <u>See</u> <u>United States v. Riascos-Cuenu</u>, 428 F.3d 1100, 1102 (5th Cir. 2005), <u>petition for cert. filed</u> (Jan. 9, 2006) (No. 05-8662).  He raises the claim here to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.