**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mario Luis CHIRINOS–TORRES,**
**Defendant–Appellant.**

No. 05–40867.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 23, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Mario Luis Chirinos–Torres (Chirinos) was convicted by a jury of being found unlawfully in the United States after deportation and was sentenced to 63 months of imprisonment and three years of supervised release. As a condition of supervised release, Chirinos was ordered to cooperate in the collection of a DNA sample as directed by his probation officer.

Chirinos argues that the district court erred in ordering him to cooperate in the collection of a DNA sample as a condition of supervised release. This claim is dismissed for lack of jurisdiction because it is not ripe for review. *See United States v. Riascos–Cuenu,* 428 F.3d 1100, 1101–02 (5th Cir.2005), *petition for cert. filed* (Jan. 9, 2006) (No. 05–8662).

Chirinos's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Chirinos contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Chirinos properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.