United States Court of Appeals

Fifth Circuit

**F I L E D**

**March 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40412
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ITALO VARGAS-GUILLEN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-844-ALL
--------------------

Before JONES, Chief Judge, and WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Jose Italo Vargas-Guillen appeals his guilty-plea conviction of being unlawfully present in the United States after having been deported subsequent to an aggravated felony. Vargas-Guillen challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). He also challenges the imposition of collection of his DNA as a term

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of his supervised release.  We need not decide the applicability of the waiver in this case because the issues that Vargas-Guillen raises are foreclosed or not ripe for review.

Vargas-Guillen's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Vargas-Guillen contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Vargas-Guillen properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

For the first time, Vargas-Guillen argues that the district court abused its discretion in subjecting him to the collection of DNA as a term of his supervised release under 42 U.S.C. § 14135A(d).  He argues that the version of 42 U.S.C. § 14135a(d) that was in effect at the time of the offense does not list his offense of conviction as one of the offenses for which DNA collection was authorized.  He argues that the amendment of that statute on October 30, 2004, to authorize DNA collection upon conviction of "any felony" cannot be applied to him because collection of DNA is a punishment and would violate the Ex Post Facto Clause.  He further argues that even if application of the

2

statute is not a violation of the Ex Post Facto Clause it is still forbidden by general principles of nonretroactivity.

Vargas-Guillen's claim regarding collection of DNA on supervised release is not ripe for review. See <u>United States v. Riascos-Cuenu</u>, 428 F.3d 1100, 1002 (5th Cir. 2005). Vargas-Guillen's claim is DISMISSED for lack of jurisdiction. The judgment of the district court is AFFIRMED.

**DISMISSED IN PART; AFFIRMED IN PART.**