the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lourdes ALFARO, also known as Lourdes J. Alfaro, also known as Wendy Borjas, Defendant–Appellant.**

No. 05–20206.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided April 11, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM: *

Lourdes Alfaro appeals her conviction for unlawful reentry under 8 U.S.C. § 1326 and the district court's imposition of a supervised release condition requiring her to cooperate with DNA collection. Alfaro first argues that § 1326(b)'s treatment of

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prior felony and aggravated felony convictions as sentencing factors rather than as elements of the offense that must be found by a jury is unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Alfaro contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Alfaro properly concedes that her argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but she raises it here to preserve it for further review.

Alfaro next asserts that the district court erred by ordering her to cooperate in the collection of a DNA sample while on supervised release. This claim is not ripe for review on direct appeal. *See United States v. Riascos–Cuenu*, 428 F.3d 1100, 1102 (5th Cir.2005), *petition for cert. filed* (Jan. 9, 2006) (No. 05–8662). The claim is dismissed. *See id.* at 1102.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.