**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan Jose SARAVIA–CASARES,**
**Defendant–Appellant.**

No. 05–40655.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided April 11, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern Dis-

trict of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District Of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM: *

Juan Jose Saravia–Casares (Saravia) pleaded guilty to being found in the United States unlawfully after deportation and was sentenced to 36 months of imprisonment and a three-year term of supervised release.

Saravia's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Saravia contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Saravia properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Saravia also argues for the first time on appeal that the district court erred when it imposed a condition of supervised release that requires him to cooperate in the collection of his DNA. Saravia's claim is not ripe for review. *See United States v. Riascos–Cuenu*, 428 F.3d 1100, 1101–02 (5th Cir.2005), *petition for cert. filed* (Jan. 9, 2006) (No. 05–8662). Therefore, this court lacks jurisdiction to review this claim, and this portion of the appeal is dismissed.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.