United States Court of Appeals
Fifth Circuit

**F I L E D**

April 11, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20206
Conference Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LOURDES ALFARO, also known as Lourdes J. Alfaro,
also known as Wendy Borjas,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-447-1
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:*

     Lourdes Alfaro appeals her conviction for unlawful reentry

under 8 U.S.C. § 1326 and the district court's imposition of a

supervised release condition requiring her to cooperate with DNA

collection.  Alfaro first argues that § 1326(b)'s treatment of

prior felony and aggravated felony convictions as sentencing

factors rather than as elements of the offense that must be found

by a jury is unconstitutional in light of Apprendi v. New Jersey,

530 U.S. 466 (2000).  This argument is foreclosed by Almendarez-

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Torres v. United States, 523 U.S. 224, 235 (1998).  Although Alfaro contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Alfaro properly concedes that her argument is foreclosed in light of Almendarez-Torres and circuit precedent, but she raises it here to preserve it for further review.

Alfaro next asserts that the district court erred by ordering her to cooperate in the collection of a DNA sample while on supervised release.  This claim is not ripe for review on direct appeal.  See United States v. Riascos-Cuenu, 428 F.3d 1100, 1102 (5th Cir. 2005), petition for cert. filed (Jan. 9, 2006) (No. 05-8662).  The claim is dismissed.  See id. at 1102.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.