United States Court of Appeals
Fifth Circuit

**F I L E D**

April 12, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40447
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NAVOR PELAES-FUNTEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1882-ALL
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Navor Pelaes-Funtez (Pelaes) appeals following his guilty-plea to being found illegally in the United States after deportation. Pelaes was sentenced to 50 months in prison and three years of supervised release.

Pelaes challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be proved beyond a reasonable doubt in light of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Apprendi v. New Jersey, 530 U.S. 466 (2000).  This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Pelaes contends that a majority of the Supreme Court would now consider Almendarez-Torres to be incorrectly decided in light of Apprendi, "[t]his court has repeatedly rejected arguments like the one made by [Pelaes] and has held that Almendarez-Torres remains binding despite Apprendi."  United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Pelaes concedes that the issue is foreclosed.  He has raised the issue to preserve it for further review.

Pelaes also contends that the district court abused its discretion by imposing as a condition of supervised release that he cooperate in the collection of a DNA sample.  Because this issue is not ripe for review, this court does not have jurisdiction and this portion of the appeal must be dismissed. See United States v. Riascos-Cuenu, 428 F.3d 1100, 1101-02 (5th Cir. 2005), petition for cert. filed (Jan. 9, 2006) (No. 05-8662).  Pelaes correctly concedes that the ripeness issue is foreclosed by circuit precedent but raises his argument to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.