**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Epifanio ENRIQUEZ–GUEVARA, also
known as Heriberto Gil Martinez,
Defendant–Appellant.**

**No. 05–20053
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 20, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM: *

Epifanio Enriquez–Guevara (Enriquez) pleaded guilty to illegal reentry after deportation following conviction for an aggravated felony and was sentenced to 46 months of imprisonment and three years of supervised release.

Enriquez argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. This argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Enriquez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Enriquez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Enriquez also argues that the district court erred by ordering him to cooperate in the collection of a DNA sample as a condition of supervised release. This

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claim is not ripe for review on direct appeal. *See United States v. Riascos–Cuenu,* 428 F.3d 1100, 1101–02 (5th Cir. 2005), *petition for cert. filed* (Jan. 9, 2006)(No. 05–8662). The claim is dismissed. *See id.* at 1102.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.