United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-40269
Conference Calendar

---

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSUE VIRGILIO BENEGAS-HERRERA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-845-ALL
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Josue Virgilio Benegas-Herrera pleaded guilty to being found

in the United States unlawfully after deportation and was

sentenced to 46 months of imprisonment and a three-year term of

supervised release.  Benegas-Herrera argues that the district

court erred by ordering him to cooperate in the collection of a

DNA sample as a condition of supervised release.  This claim is

not ripe for review on direct appeal.  See United States v.

Riascos-Cuenu, 428 F.3d 1100, 1101-02 (5th Cir. 2005), petition

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for cert. filed (Jan. 9, 2006) (No. 05-8662).  The claim is dismissed.  See id. at 1102.

Benegas-Herrera's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Benegas-Herrera contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Benegas-Herrera properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.