United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40137
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ROSARIO FELIX-TERRAZAS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-776-ALL
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Rosario Felix-Terrazas (Felix) appeals his conviction and

sentence for illegal reentry.  He raises a constitutional

challenge to 8 U.S.C. § 1326(b)(1) and (2) and also argues that

the district court plainly erred in requiring him to submit to

DNA testing as a condition of his supervised release.  Felix's

appeal waiver is unenforceable because the magistrate judge

advised him at his rearraignment hearing that he could appeal an

illegal sentence.  See, e.g., United States v. Robinson, 187 F.3d

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

516, 517-18 (5th Cir. 1999).  We need not decide the applicability of the sentencing waiver in the plea agreement because the appellate issues are foreclosed.

Felix's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Felix contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Felix properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Felix's supervised release claim is not ripe for review and is therefore dismissed for lack of jurisdiction.  See United States v. Riascos-Cuenu, 428 F.3d 1100, 1101 (5th Cir. 2005), petition for cert. filed (Jan. 9, 2006) (No. 05-8662).

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.