United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40195
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PABLO VALLEJO-MORENO,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1537-ALL
---------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Pablo Vallejo-Moreno (Vallejo) appeals his sentence under

8 U.S.C. § 1326 for attempted illegal reentry into the United

States after having been deported.  Vallejo asserts that the

district court erred in concluding that his prior state felony

conviction for simple possession of cocaine and marijuana was an

"aggravated felony" for purposes of § 1326(b).  Vallejo's

argument is foreclosed by circuit precedent.  See United States

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

v. Rivera, 265 F.3d 310, 312-13 (5th Cir. 2001); United States v. Hinojosa-Lopez, 30 F.3d 691, 693-94 (5th Cir. 1997).

Vallejo also argues that the "felony" and "aggravated felony" provisions of § 1326(b) are unconstitutional.  This challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Vallejo contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Vallejo properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Vallejo argues that the district court erred in ordering him to cooperate in the collection of a DNA sample as a condition of supervised release and that this condition should therefore be vacated.  He contends that the collection of his DNA violates the Fourth Amendment.  Vallejo concedes that the issue is not ripe for review but raises the issue to preserve it for further review.  See United States v. Riascos-Cuenu, 428 F.3d 1100, 1102 (5th Cir. 2005), petition for cert. filed (Jan. 9, 2006) (05-8662).  As Vallejo concedes, this court lacks jurisdiction to consider the issue.  See id.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.