United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40292
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

AMADOR ZAMBRANO-DUENEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1503-ALL
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Amador Zambrano-Duenez (Zambrano) appeals his sentence under

8 U.S.C. § 1326 for illegal reentry into the United States after

having been deported.  Zambrano asserts that the district court

erred in ordering him to cooperate in the collection of a DNA

sample as a condition of supervised release and that this

condition should therefore be vacated.  He contends that the

collection of his DNA violates the Ex Post Facto Clause.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In <u>United States v. Riascos-Cuenu</u>, 428 F.3d 1100, 1102 (5th Cir. 2005) <u>petition for cert. filed</u> (Jan. 9, 2006) (No. 05-8662), which was decided after Zambrano filed his brief, this court declined to address such an argument on the ground that the claim was not ripe for review. In accordance with <u>Riascos-Cuenu</u>, this court lacks jurisdiction over this argument.

Zambrano also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. This challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although Zambrano contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Zambrano properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.