United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40378
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JOSE LUIS CORADO,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-733-ALL
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Jose Luis Corado pleaded guilty to illegal reentry after

deportation and was sentenced to 15 months of imprisonment and a

three-year term of supervised release.

     Corado argues for the first time on appeal that the district

court erred in ordering him to cooperate in the collection of a

DNA sample as a condition of supervised release and that this

condition should therefore be vacated.  This claim is DISMISSED

for lack of jurisdiction because it is not ripe for review.  <u>See</u>

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States v. Riascos-Cuenu, 428 F.3d 1100, 1102 (5th Cir. 2005), petition for cert. filed (Jan. 9, 2006) (No. 05-8662).

Also for the first time on appeal, Corado challenges the constitutionality of 8 U.S.C. § 1326(b).  His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Corado contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Corado properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.