United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40698
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMON RODRIGUEZ-RUIZ, also known as Jose Ramon Rodriguez-Ruiz,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-905
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges

PER CURIAM:[*]

Ramon Rodriguez-Ruiz (Rodriguez) appeals his conviction and sentence following his plea of guilty to illegal reentry after deportation. Rodriguez was sentenced to 46 months of imprisonment and three years of supervised release. Rodriguez asserts that the district court erred in ordering, as a condition of supervised release, that he cooperate with the probation officer in the collection of DNA. His claim is not ripe for judicial review in light of our holding in United States v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Riascos-Cuenu, 428 F.3d 1100, 1101-02 (5th Cir. 2005), petition for cert. filed (Jan. 9, 2006) (No. 05-8662). Accordingly, we dismiss this portion of the appeal for lack of jurisdiction.

Rodriguez also asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. Rodriguez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Rodriguez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Rodriguez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.