**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 23, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40701
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JAVIER ALCAZAR-OLIVAREZ, also known as
Pedro Gonzalez,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-1025-ALL
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Javier Alcazar-Olivarez (Alcazar) pleaded guilty to illegal

reentry after deportation and was sentenced to 18 months of

imprisonment and a two-year term of supervised release.

    Alcazar argues for the first time on appeal that the

district court erred in ordering him to cooperate in the

collection of a DNA sample as a condition of supervised release

and that this condition should therefore be vacated.  This claim

is dismissed for lack of jurisdiction because it is not ripe for

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review.  See United States v. Riascos-Cuenu, 428 F.3d 1100, 1102 (5th Cir. 2005), petition for cert. filed (Jan. 9, 2006) (No. 05-8662).

Also for the first time on appeal, Alcazar challenges the constitutionality of 8 U.S.C. § 1326(b).  His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Alcazar contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Alcazar properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.