United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40792
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR MONTES-FLORES, also known as Simon Blanco-Carriyo,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-900-ALL
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Victor Montes-Flores (Montes) appeals his guilty-plea

conviction and sentence for being illegally present in the United

States following removal subsequent to a conviction for an

aggravated felony.  Montes argues that the district court erred

by requiring him to cooperate in the collection of a DNA sample

from him as a condition of his supervised release.  In United

States v. Riascos-Cuenu, 428 F.3d 1100, 1101-02 (5th Cir. 2005),

petition for cert. filed (Jan. 9, 2006) (No. 05-8662), this court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

considered an indistinguishable challenge and held that it was not ripe for review because the possibility that the defendant's DNA sample would be collected by the Bureau of Prisons rendered the possibility that his DNA sample would be collected while on supervised release conjecture. Accordingly, this portion of Montes's appeal is dismissed.

Montes's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Montes contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Montes properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.