UNITED STATES of America,
Plaintiff–Appellee,

v.

**Adrian Miguel GAYTON–SILVA, also known as Jose Reynoso–Carillo, Defendant–Appellant.**

No. 05–40939.

Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Feb. 24, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Adrian Miguel Gayton–Silva (Gayton) appeals his guilty-plea conviction and sentence for being an alien found in the United States unlawfully after deportation and after previously having been convicted of a felony. Gayton was sentenced to 15 months of imprisonment and three years of supervised release.

He argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional. This constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Gayton contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Gayton properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Gayton also argues that the district court erred in ordering him to cooperate in the collection of a DNA sample as a condition of supervised release and, therefore, that this condition should be vacated. As Gayton concedes, this claim is not ripe for review. *See United States v. Riascos–Cuenu,* 428 F.3d 1100, 1102 (5th Cir.2005), *petition for cert. filed* (Jan. 9, 2006) (No. 05–8662). Accordingly, this portion of the appeal is dismissed for lack of jurisdiction.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.