United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40902
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

EDGAR CASTANEDA-SALGADO,
also known as Guadalupe Guerra,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-62-1
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

    Edgar Castaneda-Salgado, also known as Guadalupe Guerra,

appeals his guilty-plea conviction and sentence for illegal

reentry following deportation in violation of 8 U.S.C. § 1326.

Castaneda-Salgado raises a Fourth Amendment challenge to the

collection of a DNA sample as a condition of his supervised

release.  As Castaneda-Salgado concedes, such a claim is not ripe

for review, and we lack jurisdiction to consider it.  See United

States v. Riascos-Cuenu, 428 F.3d 1100, 1102 (5th Cir. 2005),

----

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petition for cert. filed (Jan. 9, 2006) (No. 05-8662).
Accordingly, that portion of the appeal must be dismissed.

Castaneda-Salgado also challenges the constitutionality of
§ 1326(b)'s treatment of prior felony and aggravated felony
convictions as sentencing factors rather than elements of the
offense that must be found by a jury in light of Apprendi v. New
Jersey, 530 U.S. 466 (2000).

Castaneda-Salgado's constitutional challenge is foreclosed
by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).
Although Castaneda-Salgado contends that Almendarez-Torres was
incorrectly decided and that a majority of the Supreme Court
would overrule Almendarez-Torres in light of Apprendi, we have
repeatedly rejected such arguments on the basis that
Almendarez-Torres remains binding.  See United States v.
Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126
S. Ct. 298 (2005).  Castaneda-Salgado properly concedes that his
argument is foreclosed in light of Almendarez-Torres and circuit
precedent, but raises it here to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.