United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40939
Conference Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ADRIAN MIGUEL GAYTON-SILVA,
also known as Jose Reynoso-Carillo,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-17-ALL
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Adrian Miguel Gayton-Silva (Gayton) appeals his guilty-plea

conviction and sentence for being an alien found in the United

States unlawfully after deportation and after previously having

been convicted of a felony.  Gayton was sentenced to 15 months of

imprisonment and three years of supervised release.

     He argues that the "felony" and "aggravated felony"

provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional.

This constitutional challenge is foreclosed by Almendarez-Torres

--------------------

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

v. United States, 523 U.S. 224, 235 (1998).  Although Gayton contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Gayton properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Gayton also argues that the district court erred in ordering him to cooperate in the collection of a DNA sample as a condition of supervised release and, therefore, that this condition should be vacated.  As Gayton concedes, this claim is not ripe for review.  See United States v. Riascos-Cuenu, 428 F.3d 1100, 1102 (5th Cir. 2005), petition for cert. filed (Jan. 9, 2006) (No. 05-8662).  Accordingly, this portion of the appeal is dismissed for lack of jurisdiction.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.