United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40737
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JESSE REYES, also known as MDKDeath,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-149-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

       Jesse Reyes pleaded guilty to one charge of distribution of child pornography and was sentenced to serve 121 months in prison and a three-year term of supervised release.  Reyes now challenges two conditions of supervised release imposed by the district court.  Reyes first argues that the district court erred in ordering him to cooperate in the collection of a DNA sample as a condition of supervised release and that this condition should be vacated.  We dismiss this claim for lack of jurisdiction

--------------------

       [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because it is not ripe for review.  See United States v. Riascos-Cuenu, 428 F.3d 1100, 1101-02 (5th Cir. 2005).

Reyes also contends that the district court erred in imposing a condition of supervised release that forbids him from accessing the Internet, save for employment purposes that are approved by his probation officer.  This argument is reviewed for plain error only due to Reyes's failure to raise an appropriate objection in the district court.  See United States v. Phipps, 319 F.3d 177, 192 (5th Cir. 2003).  Reyes relies primarily on law from other circuits, and his attempt to distinguish a substantially similar Fifth Circuit case is unpersuasive. See United States v. Paul, 274 F.3d 155, 169-70 (5th Cir. 2001) (upholding a total prohibition on computer or Internet usage as a condition of the defendant's supervised release).  Consequently, he has failed to demonstrate any clear or obvious error on the district court's part.  See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. 2005), cert. denied, 126 S. Ct. 267 (2005).  The judgment of the district court is affirmed.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART FOR WANT OF JURISDICTION.