United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 5, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 05-40183
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

JOSE EFRAIN AYALA,

Defendant-
Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1778
----------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Having pleaded guilty to illegal reentry following deportation in violation of 8 U.S.C. § 1326,

Jose Efrain Ayala argues that his sentence violates *United States v. Booker*[**] because the district court

applied the United States Sentencing Guidelines as mandatory rather than discretionary; that his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] 543 U.S. 220 (2005).

sentence under 8 U.S.C. § 1326(b) is unconstitutional in light of *Apprendi v. New Jersey*[***]; and that district court abused its discretion by requiring that Ayala cooperate with the probation officer in the collection of DNA as a condition of supervised release.

The Government concedes that Ayala preserved his challenge to the application of mandatory sentencing guidelines by objecting that the sentencing proceeding violated *Blakely v. Washington.*[****] As the sentencing transcript is devoid of evidence that the district court would have imposed the same sentence under an advisory regime, the Government has not borne its burden of establishing that the district court's error was harmless. *See United States v. Walters*, 418 F.3d 461, 464 (5th Cir. 2005).

Ayala's argument that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Although Ayala contends that *Almendarez-Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez-Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez-Torres* remains binding. *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Ayala properly concedes that his argument is foreclosed in light of *Almendarez-Torres* and circuit precedent, but he raises it here to preserve it for further review.

Ayala's challenge to a condition of his supervised release requiring that he cooperate with the probation officer in the collection of a DNA sample is not ripe for review on direct appeal. *United States v. Carmichael*, 343 F.3d 756, 761-62 (5th Cir. 2003), *cert. denied*, 540 U.S. 1136 (2004); *see*

---

[***] 530 U.S. 466 (2000).

[****] 542 U.S. 296 (2004).

*United States v. Riascos-Cuenu*, 428 F.3d 1100, 1101-02 (5th Cir. 2005), *petition for cert. filed*, (U.S. Jan. 9, 2006)(No. 8662). Accordingly, we dismiss this argument for lack of appellate jurisdiction.

AFFIRMED IN PART; VACATED IN PART AND REMANDED FOR RESENTENCING; DISMISSED IN PART FOR LACK OF JURISDICTION.