United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40655
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

JUAN JOSE SARAVIA-CASARES,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1997-ALL
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

    Juan Jose Saravia-Casares (Saravia) pleaded guilty to being

found in the United States unlawfully after deportation and was

sentenced to 36 months of imprisonment and a three-year term of

supervised release.

    Saravia's constitutional challenge to 8 U.S.C. § 1326(b) is

foreclosed by Almendarez-Torres v. United States, 523 U.S. 224,

235 (1998).  Although Saravia contends that Almendarez-Torres was

incorrectly decided and that a majority of the Supreme Court

would overrule Almendarez-Torres in light of Apprendi v. New

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Saravia properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Saravia also argues for the first time on appeal that the district court erred when it imposed a condition of supervised release that requires him to cooperate in the collection of his DNA.  Saravia's claim is not ripe for review.  See United States v. Riascos-Cuenu, 428 F.3d 1100, 1101-02 (5th Cir. 2005), petition for cert. filed (Jan. 9, 2006) (No. 05-8662). Therefore, this court lacks jurisdiction to review this claim, and this portion of the appeal is dismissed.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.