**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mario PEREZ–SANCHEZ,
Defendant–Appellant.**

No. 05–41319.

Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided April 12, 2006.

James Lee Turner, Assistant U.S. Attorney, Tony Ray Roberts, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM: *

Mario Perez–Sanchez (Perez) appeals his guilty-plea conviction and sentence for being an alien found unlawfully in the United States after deportation and after having been convicted of a felony. He was sentenced to 33 months of imprisonment and three years of supervised release.

Perez argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional. Perez's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Perez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Perez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Perez also argues that the district court erred in ordering him to cooperate in the collection of a DNA sample as a condition of supervised release and, therefore, that this condition should be vacated. As Perez concedes, this claim is not ripe for review. *See United States v. Riascos–Cuenu,* 428 F.3d 1100, 1102 (5th Cir.2005), *petition for cert. filed* (Jan. 9, 2006) (No. 05–8662). Accordingly, this portion of the appeal is dismissed for lack of jurisdiction.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.