**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 18, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40157
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIEL RESENDIZ-RIOS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-782-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Gabriel Resendiz-Rios (Resendiz) appeals the sentence imposed following his guilty-plea conviction of unlawful entering the United States after having been deported previously following an aggravated felony conviction. Resendiz challenges the constitutionality of the felony and aggravated felony provisions of 8 U.S.C. § 1326(b) and the district court's order that he

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cooperate with the probation officer in the collection of DNA as a condition of supervised release.

Although, in a written plea agreement, Resendiz waived the right to appeal his sentence except for upward departures and a sentence exceeding the statutory maximum, the Government does not seek enforcement of the waiver. Accordingly, the waiver does not bar this appeal. See United States v. Story, 439 F.3d 226, 230-31 (5th Cir. 2006).

Resendiz's constitutional challenge to § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Resendiz contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Resendiz properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Resendiz also argues that the district court erred by ordering him to cooperate in the collection of a DNA sample as a condition of supervised release. This claim is not ripe for review on direct appeal. See United States v. Riascos-Cuenu, 428 F.3d 1100, 1101-02 (5th Cir. 2005), petition for cert. filed

(Jan. 9, 2006) (No. 05-8662).  The claim is dismissed.  <u>See</u> <u>id.</u> at 1102.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.