United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 2, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40446
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUCIO BENITO LARA-MAGDALENA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
No. 1:04-CR-820-ALL

_____

Before JONES, Chief Judge, and DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

Lucio Benito Lara-Magdalena ("Lara") appeals his guilty-plea conviction for being an alien unlawfully found in the United States after deportation, having been previously convicted of a felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(1).

Lara argues, inter alia, that the district court abused its discretion when it ordered as a condition of supervised release that he cooperate in the collection of a DNA sample from him. In United States v. Riascos-Cuenu, 428 F.3d 1100 (5th Cir. 2005), this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court held that a similar claim brought for the first time on appeal by a federal prisoner was not ripe for review, as "it remains conjecture whether [the prisoner's] DNA sample will be taken while he is on supervised release." Id. at 1102. Lara's appeal is factually distinguishable from Riascos-Cuenu, in that Lara is now on supervised release, but his appeal is nevertheless deficient. First, if Lara provided a DNA sample to the Bureau of Prisons while incarcerated, his claim is moot, as he will not be asked to provide an additional DNA sample during his period of supervised release. See United States v. Carmichael, 343 F.3d 756, 761 (5th Cir. 2003). Second, as an alien having been convicted of a felony, Lara would have been deported upon his release from prison in January 2006. Even assuming arguendo that Lara did not provide a DNA sample during his incarceration, it is pure conjecture to assert that an individual no longer within the jurisdiction of the United States will be made to provide a DNA sample during his period of supervised release. Thus, regardless of whether Lara has provided a DNA sample to the Bureau of Prisons, this court lacks jurisdiction over his claim.

Lara also asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. Rodriguez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235, 118 S. Ct. 1219, 1226 (1998). Although Lara contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would

now overrule the case, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir. 2005). Lara properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

**JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.**