**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 18, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40073
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE GUADALUPE GARCIA-GOMEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-566-All
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Guadalupe Garcia-Gomez appeals his guilty-plea sentence for illegal reentry into the United States following deportation. Garcia-Gomez first challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense, arguing that they must be found by a jury in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). The Government

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that the sentence appeal waiver in Garcia-Gomez's plea agreement bars his claim.

The waiver-of-appeal provision is construed against the Government as the drafter of the plea agreement.  See United States v. Somner, 127 F.3d 405, 408 (5th Cir. 1997).  Because Garcia-Gomez's plea agreement does not specifically waive the right to attack the constitutionality of § 1326(b), we conclude that the waiver provision does not preclude this appeal.  See id.

Garcia-Gomez cannot succeed on this claim, however, because his constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Garcia-Gomez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Garcia-Gomez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Garcia-Gomez also contends that his sentence must be vacated and his case remanded for resentencing because the district court committed reversible error by sentencing him pursuant to a mandatory sentencing guidelines regime in violation of United States v. Booker, 543 U.S. 220 (2005).  The Government argues

that, under the terms of the plea agreement, Garcia-Gomez waived his Booker/Fanfan argument.  We review de novo whether a waiver provision bars an appeal.  United States v. Baymon, 312 F.3d 725, 727 (5th Cir. 2002).  In United States v. Reyes-Celestino, 443 F.3d 451, 453 (5th Cir. 2006), we addressed waiver language virtually identical to that in this case and held that it does not bar an appeal based on Fanfan.  See id.

Where, as in this case, a Booker/Fanfan error has been preserved in the district court, we will ordinarily vacate and remand for resentencing if the Government cannot show that the error was harmless.  See United States v. Walters, 418 F.3d 461, 463-64 (5th Cir. 2005).  It is unclear that the district court would have imposed the same sentence had the Guidelines been advisory only.  As such, the Government cannot meet its burden. See id. at 464.

Accordingly, we vacate Garcia-Gomez's sentence and remand the case for resentencing.[1]

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.

---

[1] Garcia-Gomez also contends that an error under Booker is structural because it affected the entire framework within which his sentencing proceeded.  We have previously rejected this argument.  See United States v. Malveaux, 411 F.3d 558, 561 n.9 (5th Cir.), cert. denied, 126 S. Ct. 194 (2005).