In the
# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 11, 2006

Charles R. Fulbruge III
Clerk

m 05-40388

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JAIME ROBLES-ENRIQUEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
m 1:04-CR-707-ALL

Before SMITH, BARKSDALE, and DENNIS,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jaime Robles-Enriquez was convicted of illegally reentering the United States after an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b). He appeals his sentence, arguing that the district court improperly applied a guidelines enhancement based on the mistaken conclusion that his conviction qualifies as a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Bound by recent precedent, we affirm.

## I.

Robles-Enriquez was twice convicted in California of assault with a deadly weapon and by means of force likely to produce great bodily injury. After both offenses he was deported to Mexico and on both occasions illegally reentered the country. On September 16, 2004, he pleaded guilty to illegal reentry of an alien following an aggravated felony conviction. The presentence report recommended that Robles-Enriquez receive a sixteen-level enhancement for his prior convictions based on the "crime of violence" provision in § 2L1.2. The district court accepted the recommendation over Robles-Enriquez's objection.

## II.

Because Robles-Enriquez raised the issue in the district court, our review is *de novo*. *See United States v. Calderon-Pena*, 383 F.3d 254, 256 (5th Cir. 2004) (en banc), *cert. denied*, 125 S. Ct. 932 (2005). If an alien convicted of illegal reentry into the United States following removal committed a crime of violence before removal, he is subject to a sixteen-level enhancement. *See* § 2L1.2(b)(1)-(A)(ii). The relevant commentary provides:

> 'Crime of violence' means any of the following: murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

*Id.* cmt. n.1(B)(iii). For Robles-Enriquez's sentence enhancement to be proper, his offense must either have the use, attempted use, or threatened use of physical force as an element or fall within one of the enumerated offenses. *See Calderon-Pena*, 383 F.3d at 256.

At oral argument, the government conceded that Robles-Enriquez's conviction does not qualify as a crime of violence under the "use of physical force as an element of the offense" prong of § 2L1.2, despite the government's reliance on this argument in the district court and in its brief on appeal. Given this concession, we need not consider whether, under cases such as *United States v. Vargas-Duran*, 356 F.3d 598 (5th Cir. 2004) (en banc), and *Calderon-Pena*, the underlying statute of conviction has use of force as an element.

The government does argue, however, that Robles-Enriquez's conviction qualifies as "aggravated assault" within the meaning of the comment to § 2L1.2, and thus it is an enumerated offense. This court recently held, in another case involving the same California statute, that the government is correct. *See United States v. Sanchez-Ruedas*, 452 F.3d 409, 412-14 (5th Cir. 2006). We are bound by that decision, so the enhancement must be upheld.

## III.

Robles-Enriquez preserves two arguments for further review, even though he concedes we cannot currently afford him relief because of binding precedent. We address each in turn.

### A.

Robles-Enriques claims the district court abused its discretion by requiring him to cooperate in the collection of a DNA sample as a condition of supervised release. While this appeal was pending, we decided *United States v. Riascos-Cuenu*, 428 F.3d 1100, 1102 (5th Cir. 2005), which holds that an identical claim was not ripe because the Bureau of Prisons

2

("BOP") could attempt to collect the sample before the start of the supervised release period, while the defendant was still in custody. *See also United States v. Carmichael*, 343 F.3d 756, 761-62 (5th Cir. 2003). "Because it is speculative at this juncture whether the BOP will collect [defendant's] DNA sample while he is in custody, it remains conjecture whether his DNA sample will be taken while he is on supervised release." *Id.* As Robles-Enriquez admits, *Riascos-Cuenu* is indistinguishable from this case.

### B.

Robles-Enriquez argues that § 1326(b) is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). His argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1988), and by numerous decisions that have properly held that *Almendarez-Torres* remains good law even after *Apprendi*. *See, e.g.*, *United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). *See also Rangel-Reyes v. United States*, 126 S. Ct. 2873 (2006).

The judgment of sentence is AFFIRMED.

DENNIS, Circuit Judge, specially concurring:

I acquiesce in the panel majority's conclusion that it is bound by the recent panel decision in *United States v. Sanchez-Ruedas*, 452 F.3d 409, 412-14 (5th Cir. 2006). Strictly construed, however, it appears to me that we are bound by the panel decision in *United States v. Torres-Diaz*, 438 F.3d 529, 536-37 (5th Cir.), *cert. denied*, 126 S. Ct. 1487 (2006), and by the various opinions from the California courts interpreting that state's statute, which would, together, have required a different result here. *See, particularly*, *People v. Colantuono*, 865 P.2d 704, 709 (Cal. 1994), and *People v. Williams*, 29 P.3d 197, 204 (Cal. 2001). Accordingly, it appears that en banc reconsideration of both this decision and *Sanchez-Ruedas* may be appropriate.