United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20927
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISMAEL FRANCO-ISLAS, also known as Ismael
Islas Franco, also known Ismael Oslas,
also known as Hugo Franco,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-260-ALL
--------------------

Before REAVLEY, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Ismael Franco-Islas appeals his conviction for unlawful presence in the United States after deportation following an aggravated felony conviction and his sentence.

He argues that his 1995 conviction under California Penal Code § 245(a)(1) does not constitute an "aggravated assault," and hence, an enumerated "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). This court recently held that California

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Penal Code § 245(a)(1) qualifies as an "aggravated assault" within the meaning of the comment to § 2L1.2, and thus it is an enumerated offense. *United States v. Sanchez-Ruedas*, 452 F.3d 409, 412-14 (5th Cir 2006); *United States v. Robles-Enriquez*, No. 05-40388, 2006 WL 2347324, at *1 (5th Cir. Aug. 11, 2006). We are bound by precedent, and therefore, the enhancement must be upheld.

Franco-Islas also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Franco-Islas' constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Franco-Islas contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Franco-Islas properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

CONVICTION AND JUDGMENT AFFIRMED.